Nos. 2--06--1246 & 2--07--0093 cons.     Filed: 9-24-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 00--CF--369 |
| THOMAS J. POWERS, | ) ) | Honorable Richard W. Vidal, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 00--CF--370 |
| THOMAS J. POWERS, | ) ) | Honorable J. Edward Prochaska, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Following a jury trial, defendant, Thomas Powers, was convicted of one count of attempt (aggravated criminal sexual assault) (720 ILCS 5/8--4(a) (West 2000)) and sentenced to 25 years in prison. This court affirmed the conviction in People v. Powers, No. 2--01--0496 (2003) (unpublished order under Supreme Court Rule 23). Defendant then filed various collateral petitions, including petitions for postconviction relief, for relief from judgment, and for habeas corpus.

Nos. 2--06--1246 & 2--07--0093 cons.

On October 16, 2004, the trial court determined that defendant's postconviction petition raised a meritorious constitutional claim and was not frivolous. The court then appointed attorney David Brown to represent defendant. On May 1, 2006, defendant filed a pro se postconviction petition, alleging that Brown had not consulted with him on his postconviction claims and raising allegations of ineffective assistance of trial and appellate counsel. An identical petition, but bearing Brown's signature, was filed on July 10, 2006. On that same date, defendant filed several more pro se pleadings, including a "Supplemental Pro-se Post Conviction Petition," which raised allegations of ineffective assistance of appellate counsel. The trial court ordered the State to answer the allegations in the petitions.

The State filed a motion to dismiss the petition filed by Brown, which motion the trial court denied on September 13, 2006. However, the State filed a motion to reconsider, which the court granted on November 21. On December 6, Brown filed a notice of appeal, and the court appointed the office of the State Appellate Defender. That notice of appeal has given rise to appeal No. 2--06-- 1246.

On December 7, defendant filed a pro se motion to reconsider the November 21 order granting the State's motion to dismiss. In this motion, defendant argued, among other things, that Brown never formally answered the State's motion to dismiss and failed to include various exhibits and affidavits with his July 10 filing of the postconviction petition. On December 15, defendant wrote a letter to the circuit court clerk of Winnebago County, stating that the motion to reconsider had to be heard "prior to" the notice of appeal. Defendant also filed a motion to withdraw the notice of appeal pending a decision on the motion to reconsider. The trial court denied the motion to

Nos. 2--06--1246 & 2--07--0093 cons.

withdraw, concluding that defendant "had no authority" to file pro se pleadings, since counsel had been appointed for defendant, and that the trial court had no jurisdiction, since Brown had already filed a notice of appeal. Appeal No. 2--07--0093 followed. We now consolidate the appeals.

Defendant now contends that the trial court erred in denying his motion to withdraw the December 6, 2006, notice of appeal that gave rise to appeal No. 2--06--1246. We agree.

Supreme Court Rule 606(b) provides in part:

"Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion. When a timely posttrial or postsentencing motion directed against the judgment has been filed by counsel or by defendant, if not represented by counsel, any notice of appeal filed before the entry of the order disposing of all pending postjudgment motions shall have no effect and shall be stricken by the trial court. *** This rule applies whether the timely postjudgment motion was filed before or after the date on which the notice of appeal was filed." 210 Ill. 2d R. 606(b).

This rule applies to appeals involving postconviction petitions. See People v. Dominguez, 356 Ill. App. 3d 872, 875-76 (2005).

The State argues that Rule 606(b) does not apply in this situation because defendant was represented by counsel. Rule 606(b) speaks only to pro se motions filed by a defendant "not represented by counsel." The State argues that "hybrid" representation is not encouraged or allowed. In general, a defendant who is represented by counsel has no authority to file pro se motions, and a

court should not consider such motions. People v. Serio, 357 Ill. App. 3d 806, 815 (2005). However, an exception to this rule exists: represented defendants are allowed to raise pro se claims of ineffective assistance of counsel if they include supporting facts and specific claims. Serio, 357 Ill. App. 3d at 815.

Here, in his December 7 pro se motion to reconsider, defendant alleged that Brown did not formally answer the State's motion to dismiss and failed to include various exhibits and affidavits with his July 10 filing of the postconviction petition. Clearly, the failure to respond to a motion to dismiss that was ultimately granted qualifies as a specific claim of unreasonable assistance of postconviction counsel. The failure to attach the exhibits and affidavits (which defendant attached to his motion to reconsider) is also a specific claim of unreasonable assistance of postconviction counsel. We must conclude that defendant's pro se motion to reconsider was a timely and appropriate motion directed against the trial court's dismissal of his postconviction petition. Thus, the filing of this motion negated the notice of appeal filed on December 6. The trial court erred in denying defendant's motion to withdraw the notice of appeal and failing to address defendant's motion to reconsider.

We note that Supreme Court Rule 309, which applies to criminal appeals, provides in relevant part:

> "Before the record on appeal is filed in the reviewing court, the trial court may dismiss the appeal of any party (1) on motion of that party or (2) on stipulation of the parties." 134 Ill. 2d R. 309.

The State points out, correctly, that Supreme Court Rule 309 is not mandatory, in that a court "may" dismiss an appeal. However, we conclude that any party, whether represented by counsel or not, has

Nos. 2--06--1246 & 2--07--0093 cons.

the power to withdraw an appeal by any means. This is especially true where, as here, unreasonable assistance of postconviction counsel is part of the defendant's claim. The right to appeal, or not to appeal, belongs to the defendant, not his attorney. We cannot conclude that a defendant must proceed with an appeal simply because counsel has already filed a notice of appeal.

For these reasons, in appeal No. 2--07--0093, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings. In light of our ruling herein, appeal No. 2--06--1246 is premature. We therefore dismiss appeal No. 2--06--1246.

No. 2--06--1246, Appeal dismissed.

No. 2--07--0093, Reversed and remanded.

HUTCHINSON and CALLUM, JJ., concur.