THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD SHRINER, Defendant-Appellant.

Second District   No. 2—92—0502

Opinion filed May 17, 1994.

G. Joseph Weller and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, Theodore A. Gottfried, of State Appellate Defender's Office, of Springfield, and Michael J. Pelletier and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Edward Shriner, appeals the order of the circuit court of Du Page County which granted the State's motion to dismiss his post-conviction petition. The issue on appeal is whether we should review, pursuant to the "fundamental fairness" exception to the *res judicata* doctrine, defendant's claim that he was improperly sentenced as an habitual offender. We affirm.

Defendant was convicted in 1988 of two counts each of home invasion (Ill. Rev. Stat. 1985, ch. 38, par. 12—11(a)(1) (now codified, as amended, at 720 ILCS 5/12—11(a)(1) (West 1992))), armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))), and unlawful restraint (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a) (now 720 ILCS 5/10—3(a) (West 1992))). The court determined that defendant was an habitual criminal and sentenced him to natural-life imprisonment on the home invasion and armed robbery convictions. See Ill. Rev. Stat. 1985, ch. 38, par. 33B—1 (now codified, as amended, at 720 ILCS 5/33B—1 (West 1992)).

In the direct appeal, this court vacated one of defendant's home invasion convictions, but affirmed the trial court's judgment in all other respects. (*People v. Shriner* (1990), 198 Ill. App. 3d 748.) There, defendant argued that he was improperly sentenced under the habitual criminal statute. He claimed that the State failed to prove that his conviction in 1975 of aiding and abetting an armed bank robbery (18 U.S.C.A. § 2113(d) (West 1984)) was for a completed armed robbery as opposed to an attempted armed robbery (see 18 U.S.C.A. §§ 2113(a), (b) (West 1984)). The distinction is significant for determining whether defendant was an habitual criminal, because in Illinois armed robbery is a Class X felony (720 ILCS 5/18—2(b) (West 1992)), while

attempted armed robbery is a Class 1 felony (720 ILCS 5/8—4(c)(2) (West 1992)).

We held that because the certified record of conviction which was introduced at the sentencing hearing stated that defendant was convicted of "aiding and abetting in armed bank robbery," the State established that defendant was convicted of the completed offense of armed bank robbery. (*Shriner*, 198 Ill. App. 3d at 757.) We also rejected defendant's claim that the Federal armed bank robbery statute did not contain essentially the same elements as Illinois' armed robbery statute. *Shriner*, 198 Ill. App. 3d at 757.

In November 1990, defendant filed a *pro se* petition seeking relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.* (now codified, as amended, at 725 ILCS 5/122—1 *et seq.* (West 1992))). The trial court appointed counsel for defendant in January 1991. Defendant filed several amended petitions. Among the allegations contained in these petitions was that defendant's due process rights were violated because the 1975 conviction that was used to sentence him as an habitual criminal did not meet the statutory criteria for consideration as a Class X felony.

The trial court granted the State's motion to dismiss the petition. It found that many of the issues raised in the petition were waived, because defendant could have raised them in the direct appeal, but did not. The court further found that several other claims, including the claim that defendant was improperly sentenced as an habitual criminal, were barred by the *res judicata* doctrine, because this court had adjudicated them in the direct appeal. It also found that defendant's claim that he was denied the effective assistance of trial counsel lacked merit. Finally, the court dismissed the remaining claims because they were not of constitutional magnitude. This timely appeal followed.

Defendant's sole contention is that he was denied his due process right to have his sentence based on accurate information, where an inapplicable prior conviction was used to sentence him as an habitual criminal. He argues that review of this claim is not barred by *res judicata*, because the application of that doctrine here would be fundamentally unfair.

An action for post-conviction relief is not an appeal from an underlying conviction and sentence, but is instead a collateral attack on a judgment. (*People v. Caballero* (1989), 126 Ill. 2d 248, 258.) Accordingly, determinations of the reviewing court on the direct appeal are *res judicata* as to issues actually decided, and issues that could have been presented on direct appeal but were not are deemed waived. *People v. Collins* (1992), 153 Ill. 2d 130, 135; *People v. Franzen* (1993), 251 Ill. App. 3d 813, 819.

It has been recognized, however, that "[i]n a proper case, where fundamental fairness so requires, strict application of the doctrine of *res judicata* may be relaxed." (*People v. Neal* (1990), 142 Ill. 2d 140, 146.) This "fundamental fairness" exception has been applied most typically where the right relied upon in the post-conviction proceedings has been recognized for the first time after the direct appeal. (See *People v. Ikerd* (1970), 47 Ill. 2d 211, 212; *People v. Mitchell* (1991), 221 Ill. App. 3d 979, 985-86; *People v. Cowherd* (1983), 114 Ill. App. 3d 894, 898.) Defendant claims, however, that this exception to the *res judicata* doctrine also applies when the post-conviction petitioner demonstrates that the reviewing court misapplied the law when it made its rulings in the direct appeal.

Defendant cites *People v. Strader* (1967), 38 Ill. 2d 93, in support of his contention. In *Strader*, the defendant's post-conviction petition alleged that his constitutional rights were violated at trial in two respects. First, he asserted that the court refused to conduct a hearing to determine whether his confession was voluntary. Second, he was convicted on the basis of a coerced confession. The trial court granted the State's motion to dismiss the petition, because our supreme court had rejected that same contention in the direct appeal.

Defendant correctly notes that the *Strader* court found that it had incorrectly held on the direct appeal that the defendant was not prejudiced by the admission of the confession on the ground that the other evidence of guilt was independently sufficient to prove guilt beyond a reasonable doubt. (See *Strader*, 38 Ill. 2d at 97.) Regardless, *Strader* does not stand for the proposition that a post-conviction petitioner may sidestep the application of *res judicata* simply by alleging that the reviewing court in the direct appeal decided the issue incorrectly.

In the direct appeal, the *Strader* court additionally held that the defendant was not prejudiced by the admission of the confession, because he testified in his own behalf and therefore had the opportunity to present evidence to the jury that the confession was coerced. (*People v. Strader* (1961), 23 Ill. 2d 13, 19.) Subsequently, the United States Supreme Court held that a jury may not hear evidence of a confession unless the trial court holds an evidentiary hearing and determines that the confession was given voluntarily. (*Jackson v. Denno* (1964), 378 U.S. 368, 394-96, 12 L. Ed. 2d 908, 926-27, 84 S. Ct. 1774, 1790-91.) In light of this new constitutionally mandated procedure for determining the voluntariness of a confession, the *Strader* court remanded the cause for a hearing on that issue. *Strader*, 38 Ill. 2d at 97.

Contrary to defendant's assertion, the primary impetus for the

*Strader* court's ruling was the new constitutional rule that was established after the direct appeal, not the court's recognition that part of the decision in the direct appeal was incorrect. This was made clear in *Ikerd*, where the court interpreted *Strader* as holding that the strict application of *res judicata* may be relaxed where the right relied upon in the post-conviction petition has been recognized for the first time after the direct appeal. *Ikerd*, 47 Ill. 2d at 212.

Defendant's reliance on *People v. Burns* (1979), 75 Ill. 2d 282, is also misplaced. There, the defendant's petition alleged that the prosecution improperly withheld a police report containing material favorable to the defense. The trial court dismissed the petition, finding that the defendant waived this claim because he failed to raise it during the direct appeal. The appellate court reversed. It reasoned that because, in a separate appeal, it had granted a codefendant a new trial based upon the same discovery issue the defendant raised in his post-conviction petition, fundamental fairness required that the defendant also be given a new trial. The supreme court affirmed, finding that fundamental fairness required that the waiver doctrine should not be applied to deprive the defendant of relief. *Burns*, 75 Ill. 2d at 291.

Defendant correctly notes that the *Burns* court held that at the original trial, the court incorrectly refused to provide the defendants with the police report. (*Burns*, 75 Ill. 2d at 290.) Defendant overlooks that there was a compelling justification, other than the incorrect ruling during the trial, that warranted relaxing the waiver rule. There was a discovery violation of constitutional magnitude, and it would have been patently unfair to deny the defendant the same relief that his codefendant obtained simply because the defendant did not raise the issue in his direct appeal. (*Burns*, 75 Ill. 2d at 290-91.) By contrast, defendant here has already obtained a substantive ruling on the issue he raises in his post-conviction petition, and he advances no reasons, other than the possible incorrectness of the ruling in the direct appeal, that would warrant applying the "fundamental fairness" exception.

Also illustrative is *People v. Keagle* (1967), 37 Ill. 2d 96. There, the court applied the "fundamental fairness" exception to review the defendant's double jeopardy claim, even though it already had rejected a similar claim in the direct appeal. Of paramount concern to the court was that a substantial constitutional right was involved, and that the claim was inadequately presented in the direct appeal because the defendant proceeded *pro se*. *Keagle*, 37 Ill. 2d at 101.

The foregoing analysis demonstrates that the "fundamental fairness" exception does not bar the application of *res judicata* every

time the post-conviction petitioner claims that the reviewing court in the direct appeal decided an issue incorrectly. (See *People v. Goerger* (1972), 52 Ill. 2d 403, 406 (where defendant took no direct appeal and did not object to an instruction, court held that failure to give instruction properly does not constitute such fundamental unfairness as to bar application of *res judicata* and waiver doctrines).) In each of the cited cases, there was at least one additional compelling factor that warranted relaxing the strict application of the *res judicata* and waiver doctrines.

Here, defendant reframed the sentencing issue as a constitutional issue and claimed only that we decided that issue incorrectly in the direct appeal. It is well settled that a post-conviction petitioner cannot obtain relief by rephrasing previously addressed issues in constitutional terms. (*Neal*, 142 Ill. 2d at 148.) Additionally, adopting defendant's claim that a petitioner may avoid application of the *res judicata* doctrine by claiming that an issue was incorrectly decided in the direct appeal would eviscerate the *res judicata* doctrine's application to post-conviction proceedings.

Defendant further claims that we failed to address an alternative argument that he advanced in the direct appeal, and that "fundamental fairness" dictates that we now consider it in these post-conviction proceedings. In the direct appeal, defendant claimed that even if the State proved that he committed an armed bank robbery under the Federal statute that conviction would not qualify under our habitual criminal statute, because the Federal statute, which encompasses both attempted armed bank robbery and armed bank robbery, is not "facially equivalent" to a Class X felony.

We stated that because the State established that defendant was convicted of armed bank robbery, we did not need to address this facial equivalency argument. (*Shriner*, 198 Ill. App. 3d at 757.) Nevertheless, we proceeded to analyze this claim briefly and concluded that the Federal armed bank robbery statute contained essentially the same elements as our armed robbery statute. (*Shriner*, 198 Ill. App. 3d at 757.) Defendant did in fact obtain a substantive ruling on this claim, and we fail to see how fundamental fairness requires that we readdress it.

In the direct appeal, defendant was represented by counsel and presented fully to this court his claim that he was improperly sentenced as an habitual criminal. We rejected that claim. In the absence of any other compelling justification for relaxing the strict application of the *res judicata* doctrine, we decline to give defendant an opportunity to relitigate this issue. The trial court correctly applied the *res judicata* doctrine to dismiss defendant's post-conviction petition.

16

Accordingly, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

BOWMAN and QUETSCH, JJ., concur.