Nos. 2--04--0750 & 2--04--0751 cons.        filed: 6/23/06

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1033 |
| JAMES P. QUIGLEY, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 98--CF--1178 |
| JAMES P. QUIGLEY, | ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

Defendant, James P. Quigley, appeals the trial court's summary dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 et seq. (West 2004)). He argues that we must reverse and remand for further proceedings under the Act

Nos. 2--04--0750 & 2--04--0751 cons.

because the trial court required his petition to meet a standard higher than that necessary to survive summary dismissal. Assuming that the trial court applied the wrong standard, we determine that we may apply the proper standard in the first instance. Because defendant concedes that his petition does not satisfy that standard, we affirm the summary dismissal.

Under the Act, a postconviction proceeding that does not involve the death penalty consists of three stages. At the first stage, the defendant files a petition and the trial court has 90 days in which it may review the petition without the input of any party and summarily dismiss it if it is frivolous or patently without merit. 725 ILCS 5/122--2.1(a)(2) (West 2004); People v. Jones, 211 Ill. 2d 140, 144 (2004). To survive summary dismissal, the petition must present only the gist of a constitutional claim. Jones, 211 Ill. 2d at 144. If the petition advances to the second stage, the defendant may be appointed counsel and may amend his petition. The State may then move to dismiss it. 725 ILCS 5/122--4, 122--5 (West 2004); People v. Gaultney, 174 Ill. 2d 410, 418 (1996). To survive dismissal at the second stage, the petition must make a substantial showing of a constitutional violation. People v. Edwards, 197 Ill. 2d 239, 246 (2001). If the petition advances to the third stage, the trial court conducts an evidentiary hearing. 725 ILCS 5/122--6 (West 2004); Edwards, 197 Ill. 2d at 246.

Here, defendant filed his petition on April 26, 2004. The trial court summarily dismissed the petition within 90 days (on June 15, 2004), without the input of any party. However, although the court determined that the petition was "without merit," the court added that the petition "failed to make a substantial showing that [defendant's] Constitutional rights were violated." As noted, a substantial showing of a constitutional violation is required to survive dismissal at the second stage; to survive summary dismissal,

a petition must present only the gist of a constitutional claim. Thus, the court's reference to the substantial-showing standard was inappropriate. Edwards, 197 Ill. 2d at 246.

The State notes that, in Gaultney, the supreme court affirmed a summary dismissal that included the trial court's finding " 'that [the] Defendant's Petition fails to present a substantial showing of [a] violation of [the] Defendant's constitutional rights.' " Gaultney, 174 Ill. 2d at 416. The supreme court stated that such language "involves general terminology that is common in post-conviction proceedings" and added that the trial court "specifically found that the petition was 'frivolous and patently without merit,' which is the proper statutory standard for [summary] dismissal." Gaultney, 174 Ill. 2d at 422. We note that the supreme court made these comments in determining only that the trial court had not relied on the input of the State. However, the supreme court certainly implied that, despite the trial court's inappropriate reference to the substantial-showing standard (Edwards, 197 Ill. 2d at 246), its additional determination that the petition was frivolous and patently without merit established that the court applied the proper standard. Thus, in this case, as the trial court similarly found that defendant's petition was "without merit," we acknowledge the possibility that it applied the proper standard, despite its similarly inappropriate reference to the substantial-showing standard.

Ultimately, however, whether the trial court applied the proper standard is immaterial. As the trial court summarily dismissed the petition within 90 days and without the input of any party, the dismissal was procedurally proper. In People v. Cleveland, 342 Ill. App. 3d 912, 915-16 (2003), which involved a procedurally proper summary dismissal that was based on an improper ground, we determined that we could affirm the dismissal on any proper ground. Thus, assuming that the trial court summarily dismissed defendant's

petition on the improper ground that it fails to make a substantial showing of a constitutional violation, we may affirm that dismissal if the petition fails to present the gist of a constitutional claim. As defendant concedes that it does not, we affirm.

Defendant relies on three cases, none of which persuades us that we are required to reverse and remand for second-stage proceedings under the Act. In People v. Dauer, 293 Ill. App. 3d 329 (1997), the trial court purported to enter a summary dismissal, but it dismissed the petition beyond the 90-day limitations period. The dismissal was not a procedurally proper summary dismissal that was based on an improper ground; instead, because the court did not comply with the procedural requirements of a summary dismissal, the dismissal was void. See People v. Volkmar, 363 Ill. App. 3d 668, 671 (2006). Thus, in effect, there was no dismissal for the appellate court to affirm on any proper ground.

Similarly, in People v. Merritte, 225 Ill. App. 3d 986 (1992), the trial court purported to enter a summary dismissal, but it dismissed the petition at least partly on the basis of the State's premature motion to dismiss. Again, the dismissal was not a procedurally proper summary dismissal on an improper ground; instead, the dismissal was void. See People v. Magdaleno, 188 Ill. App. 3d 384, 386 (1989).

Finally, defendant cites People v. Reed, 302 Ill. App. 3d 1007 (1999), which requires a bit more consideration. There, the trial court summarily dismissed the petition, apparently without any procedural impropriety, but based on its finding that the petition was untimely. The appellate court determined that the petition was timely; thus, the summary dismissal

was procedurally proper yet based on an improper ground.[1]  Nevertheless, the appellate court reversed and remanded.

Interestingly, both parties asked the appellate court to review what the trial court labeled its " 'advisory' " opinion that the petition was without merit.  <u>Reed</u>, 302 Ill. App. 3d at 1010.  However, the appellate court declined to do so, reasoning that neither the trial court nor the appellate court could issue an advisory opinion.

We submit that the <u>Reed</u> court was unduly distracted by the term "advisory."  The trial court's ruling that the petition lacked merit was not so much an advisory opinion as it was an alternative basis for its summary dismissal.  Similarly, had the appellate court reviewed that ruling and found it correct, the court would not have issued an advisory opinion but simply would have exercised the well-settled principle, which we invoked in <u>Cleveland</u>, that an appellate court may affirm a trial court's judgment on any proper ground, even if the trial court relied on a different ground.  See <u>Cleveland</u>, 342 Ill. App. 3d at 915.

---

[1]Of course, the supreme court had not yet determined that untimeliness is an improper ground for summary dismissal even when the petition is actually untimely.  See <u>People v. Boclair</u>, 202 Ill. 2d 89, 99 (2002).

Thus, to the extent that <u>Reed</u> holds that an appellate court may not affirm on any proper ground a procedurally proper summary dismissal that was based on an improper ground, we decline to follow it.

Defendant asserts, bluntly, that our willingness to reverse and remand due to procedural error but not due to substantive error "makes no sense." According to defendant, "[i]t obviously is just as important--perhaps more important--that the trial court be substantively correct as well as procedurally correct in its ruling. And, if procedural error at the first stage warrants remand for second-stage proceedings, then so too should substantive error at the first stage." We respectfully disagree. The sense behind our rationale is that, when a summary dismissal is substantively erroneous, it is merely erroneous; thus, we may affirm it on a different substantive ground. However, when a summary dismissal is procedurally erroneous, at least in the contexts of <u>Dauer</u> and <u>Merritte</u>, it is not merely erroneous but rather is void. As a void judgment is one that the trial court has no power to enter (<u>People v. Rogers</u>, 364 Ill. App. 3d 229, 246 (2006)), we see no way that such a judgment could be one that the appellate court has the power to affirm. Moreover, given a procedural error, we cannot fathom what an alternate procedural ground would entail.

For the reasons set forth above, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and O'MALLEY, JJ., concur.