Nos. 2--03--1016 & 2--03--1212 cons.           filed: 6/27/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 99--CF--1830 |
| RAMON J. DOMINGUEZ, | ) ) | Honorable James K. Booras, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Following a jury trial, defendant, Ramon J. Dominguez, was convicted of first-degree murder (720 ILCS 5/9--1(a)(1), (a)(2) (West 1998)) and sentenced to 28 years' imprisonment. On direct appeal, we affirmed. People v. Dominguez, 331 Ill. App. 3d 1006 (2002) (Dominguez I). Defendant then filed a postconviction petition, which the trial court summarily dismissed. Following the court's refusal to hear his motion to reconsider, defendant appealed, arguing that the court erred in dismissing his petition. We reversed and remanded, on the ground that the petition stated the gist of a claim of ineffective assistance of counsel. People v. Dominguez, 356 Ill. App. 3d 872, 884 (2005) (Dominguez II). However, we questioned whether the petition would survive but for the fact that, at that time, res judicata was an invalid basis for summary dismissal. See Dominguez II, 356 Ill. App. 3d at 884, citing People v. Murray, 351 Ill. App. 3d 219, 221 (2004). Subsequently, in

Nos. 2--03--1016 & 2--03--1212 cons.

People v. Blair, 215 Ill. 2d 427, 442 (2005), the supreme court held that res judicata and forfeiture were valid bases for summary dismissal. Thus, the court directed us to vacate our judgment in Dominguez II and to reconsider it in light of Blair. People v. Dominguez, 216 Ill. 2d 703 (2005). After receiving the parties' supplemental briefs on the impact of Blair, we vacate our judgment in Dominguez II and affirm the dismissal of defendant's petition.

## I. FACTS

In Dominguez I, we rejected defendant's arguments that, inter alia, his trial attorneys were ineffective for (1) failing to recommend that defendant submit a jury instruction on the lesser included offense of involuntary manslaughter; and (2) failing to move for a fitness hearing before trial. Dominguez I, 331 Ill. App. 3d at 1014-15, 1017. Subsequently, on June 5, 2003, defendant filed a timely postconviction petition. The petition claimed that defendant's trial attorneys were ineffective for (1) failing to tender or recommend that defendant tender a jury instruction on the lesser included offense of involuntary manslaughter; (2) failing to have the alleged murder weapon independently examined; (3) failing to use an interpreter when discussing with defendant the possibility of tendering the lesser included offense instruction; and (4) failing to investigate defendant's mental health. Additionally, the petition claimed that defendant was denied a fair trial because the trial court did not issue sua sponte the lesser included offense instruction, and that the State violated its obligation under Brady v. Maryland, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963), by not disclosing that defendant was taking psychotropic medications.

On August 5, 2003, the trial court summarily dismissed the postconviction petition as frivolous and patently without merit. Specifically, the court ruled that defendant's trial

counsel was not ineffective, because (1) the failure to tender the lesser included offense instruction was the result of an "all-or-nothing" trial strategy decided upon by defendant and his counsel; (2) the failure to have the weapon independently examined was a matter of trial strategy, and defendant did not provide an affidavit of a potential witness or an explanation for its absence; (3) the alleged need for an interpreter conflicted with the record and the court's own observations of and interactions with defendant, all of which demonstrated that defendant was able to communicate effectively with his attorneys; and (4) the claim as to counsel's failure to investigate defendant's mental health was not supported by any evidence that the court did not already consider when it determined, on defendant's posttrial motion for a fitness hearing, that there was no bona fide doubt about defendant's fitness. Additionally, the court ruled that its failure to give the lesser included offense instruction sua sponte was not erroneous, because one was not tendered. Finally, the court ruled that defendant's claim that the State violated its obligation under Brady lacked merit because there was no evidence that defendant was unaware of his being medicated or that he could not remember being given drugs. To the contrary, the court found, defendant identified the drugs he ingested, and he detailed their effects.

On August 27, 2003, defendant submitted to the trial court a pro se notice of appeal from the dismissal of his postconviction petition. On September 4, 2003, interpreting defendant's submission as a request that a notice of appeal be filed on his behalf, the court directed the clerk to file one. The same day, the clerk filed a notice of appeal (No. 2--03--1016), which was amended on September 17. Also on September 4, however, defendant filed a motion to reconsider the dismissal of his petition. The motion asserted that the court had applied the wrong standard and sought to incorporate into the petition some

˘3˘

Department of Corrections (DOC) medical records that allegedly constituted new evidence pertaining to defendant's fitness. Attached to the motion were an affidavit of one of defendant's trial attorneys, who stated, inter alia, that an interpreter was not used to advise defendant of his right to a lesser included offense instruction, and an affidavit of defendant's priest, who stated that defendant's trial attorneys had ignored the priest's concerns that defendant was unable to understand his attorneys.

On October 1, 2003, the trial court denied defendant's request for a hearing on his motion to reconsider. The court indicated that it could not hear the motion, because the motion was filed within the 90-day period allowed for the court to review the postconviction petition without input from any party. On October 24, 2003, defendant filed a timely notice of appeal (No. 2--03--1212) from the court's refusal to hear the motion. We consolidated defendant's appeals.

## II. JURISDICTION

Before proceeding to the merits of this case, we must address our jurisdiction. An appellate court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking. Ferguson v. Riverside Medical Center, 111 Ill. 2d 436, 440 (1985); Gilkey v. Scholl, 229 Ill. App. 3d 989, 992 (1992). Even if the parties do not raise the issue, we must determine our jurisdiction (Carlson v. Powers, 225 Ill. App. 3d 410, 413 (1992)) prior to deciding the merits of an appeal (Steel City Bank v. Village of Orland Hills, 224 Ill. App. 3d 412, 416 (1991)).

On September 4, 2003, defendant filed a notice of appeal from the dismissal of his postconviction petition and a motion to reconsider that dismissal. It is now settled that a defendant may move to reconsider the summary dismissal of his postconviction petition.

Nos. 2--03--1016 & 2--03--1212 cons.

Blair, 215 Ill. 2d at 451. Here, however, the trial court suggested that defendant's motion was untimely. We disagree.

The trial court indicated that the motion to reconsider was untimely because it was filed within the 90-day period allowed for the court to review the postconviction petition without input from any party. See 725 ILCS 5/122--2.1(a) (West 2002). The court, however, appears to have miscounted. Indeed, defendant's September 4, 2003, motion was filed 91 days after defendant's June 5, 2003, petition. Thus, assuming that a motion to reconsider may not be filed within the 90-day period, defendant's motion was not untimely on that basis.

Further, we note that defendant filed his motion to reconsider within 30 days of the dismissal. The summary dismissal of a postconviction petition is a final judgment in a civil proceeding. 725 ILCS 5/122--2.1(a)(2) (West 2002); People v. Wilson, 37 Ill. 2d 617, 619-20 (1967). A party may move to reconsider a final judgment in a civil proceeding within 30 days of the entry of that judgment. 735 ILCS 5/2--1203(a) (West 2002); see also In re J.D., 317 Ill. App. 3d 445, 448 (2000). Therefore, defendant's motion was timely.

As a result of defendant's timely motion to reconsider, however, the notice of appeal from the dismissal of defendant's postconviction petition, and the amended notice, must be stricken. Although postconviction proceedings are civil (Wilson, 37 Ill. 2d at 619-20), appeals therefrom shall be in accordance with the rules governing criminal appeals (134 Ill. 2d R. 651(d)). According to those rules, defendant's timely motion nullified the notice of appeal and the amended notice that were filed before the disposition of the motion. 188 Ill. 2d R. 606(b); see People v. Willoughby, 362 Ill. App. 3d 480, 482 (2005). Therefore, appeal No. 2--03--1016, the appeal from the dismissal of defendant's petition, is dismissed.

Nos. 2--03--1016 & 2--03--1212 cons.

Nonetheless, we have jurisdiction in appeal No. 2--03--1212, the appeal from the refusal to hear defendant's motion to reconsider. Further, in that appeal, we may review the dismissal of defendant's postconviction petition. Although the notice of appeal specifically assigns error solely in the refusal to hear the motion, the dismissal of the petition was a step in the procedural progression leading to the refusal to hear the motion. Hence, the dismissal is reviewable. Burtell v. First Charter Service Corp., 76 Ill. 2d 427, 435-36 (1979); see also People v. Jones, 207 Ill. 2d 122, 138 (2003).

III. THE SUMMARY DISMISSAL OF DEFENDANT'S POSTCONVICTION PETITION

Although the trial court explicitly dismissed defendant's postconviction petition as frivolous and patently without merit (725 ILCS 5/122--2.1(a)(2) (West 2002)), defendant contends that the court applied the wrong standard to the dismissal. Specifically, defendant argues that the court explicitly stated the standard applicable to second-stage review of a postconviction petition while inexplicably omitting the "gist of a constitutional claim" standard that applies at the first stage. See People v. Gaultney, 174 Ill. 2d 410, 418 (1996).

Although we addressed defendant's contention in Dominguez II, 356 Ill. App. 3d at 877, we need not do so here. Assuming that the trial court applied the wrong standard, we are not required to reverse and remand. Indeed, we may affirm, on any proper ground, a procedurally proper summary dismissal that was based on an improper ground. See People v. Quigley, Nos. 2--04--0750 & 2--04--0751 cons., slip op. at 3 (June 23, 2006). Here, as the trial court summarily dismissed the postconviction petition within 90 days and without the input of any party, the dismissal was procedurally proper. See Quigley, slip op. at 3. Thus, we may apply the proper standard in the first instance and affirm if, in

accordance with that standard, the summary dismissal is justified.    In Dominguez II, 356 Ill. App. 3d at 884, we determined that defendant's postconviction petition stated the gist of a claim that his trial attorneys were ineffective for failing to tender or recommend that defendant tender a jury instruction on the lesser included offense of involuntary manslaughter.  Although we noted that, on direct appeal, we had rejected "the same claim," we observed that res judicata was an invalid basis for summary dismissal.  Dominguez II, 356 Ill. App. 3d at 884.  Thus, we reversed and remanded.  However, as we have noted here, the supreme court in Blair held that the determination of a gist of a constitutional claim is subject to the application of res judicata, as well as forfeiture.  See Blair, 215 Ill. 2d at 445-46.  Thus, we now consider the impact of Blair.

In his supplemental brief, defendant appears to concede that res judicata and forfeiture would preclude his postconviction petition.  However, he asserts that we should invoke the "fundamental fairness" exception to res judicata and forfeiture.  See Blair, 215 Ill. 2d at 450.  Specifically, he asserts that it would be unfair to prevent him from litigating (1) whether trial counsel was ineffective for failing to tender or recommend the jury instruction on the lesser included offense; and (2) whether trial counsel was ineffective for failing to investigate defendant's mental health, and, alternatively, whether the State violated Brady by not disclosing that defendant was taking psychotropic medications.

Whether counsel was ineffective for failing to tender or recommend the instruction was addressed on direct appeal (Dominguez I, 331 Ill. App. 3d at 1014-15) and thus is subject to res judicata (People v. Williams, 209 Ill. 2d 227, 233 (2004)).[1]  In this context, the

---

[1]On direct appeal, defendant specifically asserted that counsel was ineffective only for failing to recommend the instruction (Dominguez I, 331 Ill. App. 3d at 1014-15); he did

"fundamental fairness" exception "has been applied most typically where the right relied upon in the post-conviction proceedings has been recognized for the first time after the direct appeal." People v. Shriner, 262 Ill. App. 3d 10, 13 (1994). At a minimum, there must be some compelling fact beyond the mere allegation that, on direct appeal, the issue was resolved incorrectly. See Shriner, 262 Ill. App. 3d at 13-15 (and cases cited therein).

Here, in essence, defendant merely reiterates that his trial counsel was ineffective for failing to tender or recommend the instruction. That is, he essentially asserts only that we erred in rejecting that claim when he presented it on direct appeal. As noted, however, that is not enough. Indeed, to determine "that a petitioner may avoid application of the res judicata doctrine by claiming that an issue was incorrectly decided in the direct appeal would eviscerate the res judicata doctrine's application to post-conviction proceedings." Shriner, 262 Ill. App. 3d at 15. Clearly, defendant presents no compelling justification for relaxing the strict application of res judicata.

---

not precisely contend that counsel was ineffective for failing to tender the instruction. Nevertheless, we rejected the essence of the latter contention when we observed that "[a] defendant, rather than his counsel, has the right to make the ultimate decision whether to tender an instruction on a lesser-included offense." Dominguez I, 331 Ill. App. 3d at 1013. In any event, because defendant's postconviction claim that counsel was ineffective for failing to tender or recommend the instruction is virtually identical to his specific claim on direct appeal that counsel was ineffective for failing to recommend the instruction, we deem the postconviction claim subject to res judicata. See People v. Simpson, 204 Ill. 2d 536, 559 (2001) ("A post-conviction petitioner may not avoid the bar of res judicata simply by rephrasing *** issues previously addressed on direct appeal").

Defendant does point out that, in dismissing his postconviction petition, the trial court stated that it was sympathetic to defendant's position and indeed was heartbroken by the fact that, had the instruction been tendered, defendant may well have been convicted of involuntary manslaughter instead of first-degree murder. We do not dispute that the failure of the all-or-nothing strategy was unfortunate for defendant. However, as noted on direct appeal (Dominguez I, 331 Ill. App. 3d at 1015), that misfortune does not mean that counsel was ineffective for pursuing that strategy, and it certainly does not present a fundamental unfairness that warrants relaxing res judicata.

Defendant next submits that fundamental fairness requires that he be allowed to litigate that counsel was ineffective for failing to investigate defendant's mental health and, alternatively, that the State violated Brady. At least as they were stated in the postconviction petition, these claims are substantially different from the second claim noted above that we addressed on direct appeal, i.e., that counsel was ineffective for failing to move for a fitness hearing before trial. See Dominguez I, 331 Ill. App. 3d at 1017. Thus, these claims are subject not to res judicata but to forfeiture. See Williams, 209 Ill. 2d at 233. In that context, the "fundamental fairness" exception requires the defendant to show "cognizable cause" for his failure to raise the claim previously and "actual prejudice" resulting from the error complained of. See People v. Jackson, 205 Ill. 2d 247, 274 (2001). "Cause" is an objective factor external to the defense that impeded the defendant's efforts to raise the claim previously, and "prejudice" is an actual and substantial disadvantage that infected the entire trial with constitutional error. Jackson, 205 Ill. 2d at 274-75. Here, defendant does not even set out this standard, much less attempt to apply it. Thus, defendant's point that "fundamental fairness" should excuse his forfeiture is itself forfeited. See Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(e)(7), eff. October 1, 2001.

Nos. 2--03--1016 & 2--03--1212 cons.

In any event, the only fact defendant submits that could even approach "cause" is that, despite his repeated requests, he could not obtain the DOC records until he had filed his postconviction petition. Assuming "cause," however, he does not establish "prejudice," because those records do not satisfy the standard for granting a new trial. See People v. Orange, 195 Ill. 2d 437, 450 (2001). Specifically, they are insufficient because they are merely cumulative. See Orange, 195 Ill. 2d at 451. Indeed, defendant asserts that the records demonstrate that he was taking psychotropic medications that produced auditory hallucinations and clouded his judgment. However, on defendant's posttrial motion for a fitness hearing, a psychologist testified that defendant was taking psychotropic medications and exhibiting auditory hallucinations and an inability to process information. We detailed that testimony on direct appeal. Dominguez I, 331 Ill. App. 3d at 1011-12. Thus, to the extent that the unavailability of the DOC records was "cause" for defendant's failure to raise his postconviction claims on direct appeal, the claimed errors certainly caused him no "prejudice."

### IV. CONCLUSION

Dominguez II is vacated. Appeal No. 2--03--1016 is dismissed. In appeal No. 2--03--1212, the judgment of the circuit court of Lake County is affirmed.

No. 2--03--1016, Appeal dismissed.

No. 2--03--1212, Affirmed.

O'MALLEY and BYRNE, JJ., concur.

˘10˘