2026 IL App (2d) 250318
No. 2-25-0318
Opinion filed June 23, 2026

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

MARC J. WACHTER, Defendant-Appellant.

Appeal from the Circuit Court of De Kalb County.
Honorable Marcy L. Buick, Judge, Presiding.
No. 09-CF-250

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Kennedy and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Marc J. Wachter, challenges postconviction counsel's performance after he moved for discharge and, concomitantly, defendant was allowed to proceed *pro se*. Specifically, defendant asserts that counsel provided unreasonable assistance, where he failed to individually evaluate each of defendant's *pro se* claims for relief in the motion for discharge. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On September 11, 2009, a grand jury indicted defendant on five counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) and seven counts of sexual exploitation of a child (*id.* § 11-9.1(a)(1)). Ultimately, defendant pleaded guilty to one count of predatory criminal sexual assault of a child and was sentenced to 10 years' imprisonment to be

served consecutively to his sentence in Kendall County case No. 09-CF-164. Defendant did not move to withdraw his guilty plea or file an appeal.

¶ 4 On October 25, 2021, defendant mailed two nearly identical postconviction petitions: one to De Kalb County (in case No. 09-CF-250) and one to Kendall County (in case No. 09-CF-164).[1] In this case, defendant's petition was docketed on October 29, 2021. The circuit court found, on December 1, 2021, the gist of a constitutional claim and advanced defendant's petition to second-stage proceedings. Accordingly, counsel, Charles Criswell, was appointed to represent defendant. On August 22, 2022, defendant moved to appoint conflict counsel, and, ultimately, the motion was granted. On December 21, 2022, Andrew Nickel was appointed to represent defendant. Thereafter, postconviction counsel unsuccessfully attempted to subpoena defendant's records from the Kane County Diagnostic Center.

¶ 5 On May 2, 2024, defendant appeared via Zoom and informed the court, "I terminated my attorney Mr. Nickels [*sic*]. I sent him an email to get off my case after his last performance at the

---

[1]In case No. 09-CF-164, the circuit court summarily denied defendant's petition on January 5, 2022. Defendant timely appealed. See *People v. Wachter*, 2023 IL App (2d) 220458-U. Ultimately, we affirmed the circuit court's summary dismissal, concluding that

> "defendant's supporting documents affirmatively demonstrated that, while he was diagnosed with [autism spectrum disorder], it did not manifest in ways that left him unable to communicate effectively with the court or defense counsel, and it did not impact his ability to understand the guilty plea proceedings. Simply put, defendant's postconviction filings were positively rebutted by the record." *Id.* ¶ 28.

Thereafter, the supreme court denied defendant's petition for leave to appeal. *People v. Wachter*, No. 130375 (Ill. Mar. 27, 2024) (petition for leave to appeal denied).

last court date, so I don't know why he's here." Postconviction counsel responded that it was his intention to withdraw from the case. That same day, postconviction counsel filed a "motion for discharge." Counsel alleged that he read defendant's postconviction petition, relevant transcripts, and other relevant materials from this case and case No. 09-CF-164. He also researched and reviewed relevant case law and concluded that defendant's petition was without merit, citing *People v. Shortridge*, 2012 IL App (4th) 100663. Postconviction counsel did not individually list and refute defendant's claims for relief; rather, his decision was based on this court's decision in *People v. Wachter*, 2023 IL App (2d) 220458-U, which affirmed the summary dismissal of defendant's nearly identical claims.

¶ 6    On July 10, 2024, defendant's motion to proceed *pro se* was time-stamped by the court—the motion was dated June 19, 2024. Within the motion, defendant stated that he supported postconviction counsel's motion for discharge.

¶ 7    On July 11, 2024, Nickel was present in person and defendant was present via Zoom for a hearing on postconviction counsel's motion for discharge. The court granted the motion then immediately heard defendant's motion to proceed *pro se*. Defendant indicated he filed his motion three weeks prior and stated, "I want to go *pro se*. I'm not taking another attorney." The court granted defendant's motion.

¶ 8    Ultimately, defendant proceeded with his *pro se* petition without further amendment, the State moved to dismiss, and the court dismissed defendant's petition on June 26, 2025. Defendant now timely appeals.

¶ 9    On January 26, 2026, during the pendency of the appeal, this court granted the State's motion to supplement the appellate record with postconviction counsel's Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate dated December 19, 2025.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant argues that the circuit court erred by granting postconviction counsel's motion for discharge, where counsel failed to evaluate the merits of each of defendant's postconviction claims; rather, counsel found defendant's claims without merit based on the "nearly identical" claims rejected in *Wachter*, 2023 IL App (2d) 220458-U. Defendant frames this issue as unreasonable assistance of postconviction counsel. In response, the State argues that (1) defendant failed to rebut the presumption that postconviction counsel substantially complied with Rule 651(c); (2) the circuit court did not abuse its discretion by granting defendant's motion to proceed *pro se* and postconviction counsel's motion for discharge because defendant invited the error, the motions were granted concomitantly, and counsel's motion sufficiently explained why defendant's petition lacked merit; and (3) the court properly granted the State's motion to dismiss. We agree with the State that defendant invited the error claimed here.

¶ 12    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2020)) allows a criminal defendant to raise a claim that his or her conviction resulted from a substantial violation of his or her constitutional rights. *Id.* § 122-1(a)(1). The Act establishes a three-stage process for the adjudication of a postconviction petition. *People v. Jones*, 213 Ill. 2d 498, 503 (2004). If a petition is not summarily dismissed at the first stage, it advances to the second stage, where an indigent defendant may have counsel appointed and the State can move to dismiss the petition or answer. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2020).

¶ 13    If a defendant elects to proceed with counsel, he or she is entitled to only a reasonable level of assistance, as the right to counsel at the second stage is wholly statutory. *People v. Thompson*, 383 Ill. App. 3d 924, 931 (2008). To ensure defendants receive reasonable assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *People v. Perkins*, 229 Ill. 2d 34, 43

- 4 -

(2007). It requires postconviction counsel to certify that he or she (1) "has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights," (2) "has examined the record of the proceedings at the trial," and (3) "has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 14    If, after reviewing the defendant's claims, postconviction counsel believes that his or her claims are frivolous or without merit, it is counsel's ethical obligation to withdraw and explain why each of the defendant's claims is frivolous. *People v. Greer*, 212 Ill. 2d 192, 209 (2004); *People v. Kuehner*, 2015 IL 117695, ¶ 22. It is imperative, in cases that advanced to the second stage through judicial action, that counsel's motion to withdraw "contain at least some explanation as to why all of the claims set forth in that petition are so lacking in legal and factual support as to compel his or her withdrawal from the case." *Kuehner*, 2015 IL 117695, ¶ 27. We review *de novo* postconviction counsel's performance under Rule 651(c) as a part of the legal question of whether the court erred in granting counsel's motion to withdraw. *People v. Frey*, 2024 IL 128644, ¶ 21; see *People v. Kinnerson*, 2024 IL App (4th) 230919-U (applying *Frey* and its standard of review to a *Kuehner* motion).

¶ 15    On the other hand, at the second stage, a defendant has the right to proceed *pro se*. *People v. Lesley*, 2018 IL 122100, ¶ 34. If a defendant wishes to proceed *pro se*, he or she must knowingly and intelligently waive the right to counsel, *i.e.*, the waiver must be clear and unequivocal. *Id.*; *People v. Gray*, 2013 IL App (1st) 101064, ¶ 23. In determining whether a defendant's waiver is clear and unequivocal, a court must "determine whether the defendant truly desires to represent himself and has definitively invoked his right of self-representation." *Gray*, 2013 IL App (1st) 101064, ¶ 23.

¶ 16     Here, the State asserts that a complete motion to withdraw pursuant to *Kuehner* was not required because defendant invited the error by repeatedly seeking to proceed *pro se*. In response, defendant argues that the invited-error doctrine is incompatible with *Kuehner*, in that automatic reversal is required where counsel files a faulty motion to withdraw. See *Kuehner*, 2015 IL 117695, ¶¶ 22-24. Defendant does not challenge whether his waiver of counsel was proper.

¶ 17     The invited-error doctrine applies in collateral proceedings. *People v. Kane*, 2013 IL App (2d) 110594, ¶ 20. In fact, this doctrine is a procedural default that is, generally, addressed before or, in some instances, in lieu of the merits of a case. *In re Detention of Swope*, 213 Ill. 2d 210, 217-18 (2004); *People v. Patrick*, 233 Ill. 2d 62, 76-77 (2009). A party's invitation, agreement, or active participation in the direction of the proceedings or procedure that he or she later challenges on appeal goes beyond mere waiver (*People v. Villarreal*, 198 Ill. 2d 209, 227 (2001)); rather, courts often consider this an issue of estoppel (*People v. Harvey*, 211 Ill. 2d 368, 385 (2004)). Meaning, "[u]nder the doctrine of invited error, [a defendant] may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *People v. Carter*, 208 Ill. 2d 309, 319 (2003).

¶ 18     Here, the invited-error doctrine applies and is dispositive. Defendant made clear via e-mail to counsel prior to the May 2, 2024, hearing, again at the hearing itself, and from then on, that it was his intention and desire to proceed *pro se*. Defendant stated at the May 2 hearing, "I terminated my attorney Mr. Nickels [*sic*]. I sent him an email to get off my case after his last performance at the last court date, so I don't know why he's here." In response to defendant's statements, postconviction counsel stated that it was his intention to withdraw from the case. In fact, that same day, he filed a "motion for discharge." Thereafter, defendant filed an independent motion to proceed *pro se*, in which he asserted that he agreed with postconviction counsel's motion for

discharge. At a hearing on July 11, 2024, where both parties appeared, the court granted postconviction counsel's motion for discharge, and it granted defendant's independent motion to proceed *pro se*, after defendant affirmed that, "I want to go *pro se*. I'm not taking another attorney." While postconviction counsel's motion and defendant's motion were heard concomitantly, it is *essential* to note that defendant affirmatively agreed with counsel's motion for discharge (essentially making the motion unopposed), defendant separately and independently sought to proceed *pro se* orally and in writing, and defendant's expressed desire to proceed *pro se* predated counsel's motion for discharge. In fact, based on the record, defendant's desire to proceed *pro se* prompted postconviction counsel's motion for discharge. Defendant's desire to proceed *pro se* was not merely responsive to the court granting postconviction counsel's motion for discharge. See *People v. Urzua*, 2023 IL 127789, ¶¶ 39-40 (noting that, after a motion to withdraw is granted, the defendant may either proceed *pro se* or retain counsel). Rather, defendant's active participation in the direction of the proceedings—insisting that his attorney be terminated from his case—goes beyond waiver and is the definition of invited error. It would offend the notions of fair play to allow defendant to now complain of counsel's discharge, when he so consistently demanded that exact outcome during the proceedings. This outcome is not inconsistent with *Kuehner*, as procedural default is appropriately addressed *before* the merits; therefore, *Kuehner* and its remedy for a faulty motion to withdraw are not implicated in this case. As such, we agree with the State that we do not need to address the sufficiency of postconviction counsel's motion for discharge because defendant invited the error claimed here.

¶ 19                                      III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 21    Affirmed.

*People v. Wachter*, 2026 IL App (2d) 250318

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 09-CF-250; the Hon. Marcy L. Buick, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Lucas Walker, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Riley N. Oncken, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |